UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>    Plaintiff<br><br>v.<br><br>SUNRISE DEVELOPMENT, INC.<br>A/K/A SUNRISE ASSISTED<br>LIVING DEVELOPMENT; SUNRISE<br>ASSISTED LIVING MANAGEMENT,<br>INC., D/B/A SUNRISE OF WAYLAND,<br>METROPOLITAN/WAYLAND SENIOR<br>HOUSING, LLC<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

05cv10579 NG

RECEIPT # _____
C.A. NO AMOUNT $ _____
SUMMONS ISSUED _NA_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK. _MP_
DATE 3/25/05

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28 U.S.C. 1441(a)

MAGISTRATE JUDGE _JLA_

Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, pursuant to 28 U.S.C. §1446 and Local Rule 81.1, hereby file this Notice of Removal to the United States District Court for the District of Massachusetts of the civil action now pending in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Middlesex Superior Court. The defendants state:

1.     This action was filed in the Middlesex Superior Court on February 25, 2005. The summons and complaint have not yet been served on the defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC. A copy of the Complaint was provided to counsel on or about March 8, 2005.

1

2. In their complaint, the plaintiffs aver that "Jane Doe", a fictitious name, sustained personal injuries between the dates of June 6, 2003 and September 13, 2004 while a resident of the Assisted Living Facility allegedly operated by the defendants. The plaintiff is a resident of Wayland, Middlesex County, Massachusetts.

3. Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, are corporations duly organized and existing under the laws of the State of Virginia and each has its principal place of business in McLean, Virginia. This suit is wholly civil in nature brought in a trial court in Norfolk County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

4. If the plaintiffs' averments and their itemized detailed statement of monetary damages are to be believed, then the matter in dispute exceeds one hundred thousand dollars ($100,000.00), exclusive of interest and costs.

5. A copy of all process, pleadings and orders provided to the defendant is filed with and attached to this notice. (The Complaint and Demand for Jury Trial as Exhibit A; the tracking order as Exhibit B; the Motion for Court Order for the Production of Police Investigation, as Exhibit C; and the Order for Production as Exhibit D).

6. Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, will give written notice of this filing to all

adverse parties by mailing a copy of it to plaintiffs' counsel, as shown on the certificate of service.

7.      Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, will file a copy of this notice with the Clerk of the Middlesex Superior Court by mailing a copy as shown on the certificate of service.

8.      This notice is filed within thirty (30) days of notice of the suit, within thirty days of the date this action became removable, and within the time for filing this notice. See 28 U.S.C. §1446.

9.      Pursuant to Local Rule 81.1(A), defendants shall request the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, pray that the above action now pending in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County, be removed from that Court to this United States District Court.

THE DEFENDANTS,
SUNRISE DEVELOPMENT, INC.
A/K/A SUNRISE ASSISTED
LIVING DEVELOPMENT; SUNRISE
ASSISTED LIVING MANAGEMENT,
INC., D/B/A SUNRISE OF WAYLAND,
METROPOLITAN/WAYLAND SENIOR
HOUSING, LLC
By their attorney,

_____
Joseph M. Desmond, BBO #634883
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: 3-25-05

## CERTIFICATE OF SERVICE

I, Joseph M. Desmond, do hereby certify that I have this day served the foregoing **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28 U.S.C. 1441(a)** to all counsel of record in this action by mailing the same, postage prepaid to:

David J. Hoey, BBO #628619
LAW OFFICE OF DAVID J. HOEY, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
(978) 664-3633

Date: 3-25-05                Attorney: _____

4

1133587v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                          SUPERIOR COURT
                                                        CIVIL ACTION
                                                        NO.:

JANE DOE,                           )
            PLAINTIFF               )
                                    )
       V.                           )
                                    )
SUNRISE DEVELOPMENT, INC.           )
a/k/a SUNRISE ASSISTED LIVING       )
DEVELOPMENT;                        )
SUNRISE ASSISTED LIVING             )
MANAGEMENT, INC. doing business as  )
SUNRISE OF WAYLAND;                 )
METROPOLITAN/WAYLAND                )
SENIOR HOUSING, LLC                 )
            DEFENDANTS              )

## COMPLAINT

### GENERAL ALLEGATIONS

1) The Plaintiff, for purposes of this complaint will be referred to as "Jane Doe" is a resident of Wayland, Middlesex County, Massachusetts.

2) Defendant, Sunrise Development, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

3) Defendant, Sunrise Assisted Living Development from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

4) Defendant, Sunrise Assisted Living Management, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

5) Defendant, Metropolitan/Wayland Senior Housing, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia, and was the agent to Sunrise Assisted Living Management, Inc.

6) For purposes of this compliant the above referenced defendants shall be referred to collectively as "Sunrise".

7) At all times relevant hereto Sunrise owned and or operated Sunrise at Wayland, an Assisted Living Residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et. seq.

8) From June 6, 2003 to September 13, 2004, Jane Doe was a resident of Sunrise's Assisted Living Residence, Sunrise at Wayland, located at 205 Commonwealth Road, Newton, Middlesex County, Massachusetts.

## COUNT I
### Negligence

9) Plaintiff hereby realleges and repeats paragraphs 1-8 of this Complaint, in the same manner and fashion as if expressly set forth herein.

10) Sunrise, at all time pertinent hereto, was a certified assisted living residence in the Commonwealth of Massachusetts.

11) Sunrise, at all times pertinent hereto, were the owner and/or operator of Sunrise at Wayland in Wayland, Massachusetts from June 6, 2003 to September 13, 2004, when the injuries, which are the subject matter of this complaint, were occasioned.

12) As Jane Doe was a paying resident of said assisted living residence, Sunrise by and through its employees, had contractual and other duties to provide competent supervision, monitoring and other services to Jane Doe as required by law and consistent with community standards.

13). Sunrise also had a duty to provide safety at all times for its residents, including Jane Doe.

14) Sunrise held itself out to be a specialist in the field of assisted living with the expertise to maintain the monitoring, supervision and safety and well being of persons unable to care for themselves, such as Jane Doe.

15) Sunrise also had a duty to refrain from injuring its residents, including Jane Doe.

16) Notwithstanding said duties, Jane Doe was:

   a) verbally abused;

   b) spoken too in a condescending manner;

   c) sexually abused;

   d) intentionally administered Trzadone;

   e) physically assaulted;

   f) sexually assaulted;

   g) placed in adult diapers for no reason;

   h) exposed to illegal substances.

17) As a direct and proximate result of Sunrise's failure to supervise their residents and monitor their facility, Jane Doe was assaulted and battered and suffered multiple injuries, including but not limited to multiple bruising, pain and suffering, loss of dignity and a decline in health and mobility.

18) Sunrise negligently permitted Jane Doe to sustain injury and failed to prevent injury.

19) Sunrise negligently failed to properly train its staff in monitoring Jane Doe and others like her who was unable to attend to their own safety and was confined to an assisting living residence.

20) Sunrise negligently failed to provide safety to its residents and Jane Doe resulting in Jane Doe's injuries.

21) Sunrise was further negligent as it:

   a. Carelessly and negligently failed to provide safe environment of Jane Doe;

   b. Carelessly and negligently failed to provide adequate and proper supervised services as needed by Jane Doe;

   c. Carelessly and negligently failed to maintain Jane Doe's dignity;

    d. Carelessly and negligently failed to provide necessary monitoring and supervision services of the assailant;

    e. Carelessly and negligently failed to prevent the incident from occurring;

    f. Carelessly and negligently failed to seek immediate treatment and hospital intervention for Jane Doe;

    g. Carelessly and negligently failed to aide in a time of need and danger;

    h. Carelessly and negligently failed to act as a reasonable prudent assisted living facility under the circumstances.

22) At all times pertinent hereto, Jane Doe was unable to care for herself and was under the exclusive control and supervision of Sunrise.

23) At all times pertinent hereto, Jane Doe was in the exercise of due care under the circumstances and was otherwise free from any and all comparative negligence.

24) As a direct and proximate result of Sunrise's wrongful and negligent acts and omissions, as aforesaid, Jane Doe was severely injured, was caused to endure extreme conscious pain and suffering for an extended period of time, suffered bodily injury, incurred expenses for her medical treatment, and was otherwise injured and damaged as a direct and proximate result of these acts and omissions.

**WHEREFORE**, the Plaintiff prays that judgment be entered in their favor and against Sunrise in an amount deemed just and fair by this Honorable Court, together with interest, attorney fees, costs of suit, and for such other relief as the Court may award.

## COUNT II
### Violation of Regulations

25) Plaintiff realleges and repeats paragraphs 1 through 24 of this Complaint in the same manner and fashion as if expressly set forth in herein.

26) Sunrise, at all times relevant hereto have failed to provide a sufficient number of trained, experienced and competent personnel; have failed to provide appropriate services and supervision and safety for all residents and have failed to ensure that their personal needs are met and that they remain free of injury, failed to ensure dignity, all in violation of the regulations for assisted living facilities of the Massachusetts Executive office of Elder Affairs, 651 CMR 12.00, et seq.

27) Sunrise failed to comply with state laws, rules, regulations, and guidelines designed to protect the health and safety of residents such as Jane Doe. Sunrise was negligent per se in violating the following regulations:

   a. 651 CMR 12:04 which relates to **General Requirements For An Assisted Livings Residents** and several of its subparts.

   b. 651 CMR 12.08 which relates to **Resident Rights** and several of its subparts;

   c. 651 CMR 12.05 which relates to **Record Requirements** and several of its subparts;

   d. any other regulations, which were violated as, ascertained during the course of discovery.

28) As a direct and proximate result of said violation of regulation, Jane Doe, was exposed to risk of personal injury from abuse, mistreatment or neglect, and did, in fact suffer such personal injury as a result thereof.

**WHEREFORE**, Plaintiffs demand judgment against Sunrise, for violation of law, statute or regulation in a sum of money deemed sufficient by the Court of Jury to compensate the plaintiff for personal injuries, bills for medical care and attendance, and for pain and suffering, together with interest and costs.

## COUNT III
### Breach of Contract

29) Plaintiff realleges and repeats paragraphs 1 through 28 of this Complaint in the same manner and fashion as of expressly set forth in herein.

30) Sunrise, for good and sufficient consideration undertook to provide to plaintiff services for her occupancy, board, safety, comfort and care adequate to meet her reasonable needs and requests, such services to meet or exceed the minimum levels of services established by state regulations.

31) Sunrise's failure to adhere to contract provisions signed with plaintiff and/or its failure to adhere to regulations set forth in previous Count, constitute breaches of contract.

32) Sunrise failed to provide plaintiff with adequate services and failed to meet her reasonable needs and requests and failed to provide services at levels at or above the minimum levels set by law, all in breach of their contract obligations to plaintiff.

33) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury while a resident at Sunrise at Wayland.

34) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury.

**WHEREFORE,** Plaintiff demands judgment against Sunrise, in a sum of money deemed sufficient by the Court of Jury to compensate her for personal injuries, bills for medical care and attendance and for pain and suffering, embarrassment, humiliation and for return of moneys paid by Plaintiff or on her behalf to Sunrise together with interest and costs.

### COUNT IV
### Consumer Protection Act Violation - G.L.Ch. 93A

35) Plaintiff realleges and incorporates herein paragraphs 1 through 34 of this Complaint.

36) Sunrise, by misrepresenting the quality of the services they would provide to plaintiff and by failing to provide services for which they charged plaintiff, by failing to comply with existing state statutes, rules or regulations, have willfully committed unfair or deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A, Section 2.

37) Sunrise, by failing to comply with existing state statutes, rules or regulations, have committed unfair or deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A, Section 2.; and, 940 CMR 4.02 as stated below:

**4.02: Unfair or Deceptive Acts or Practices:**
It shall be an unfair or deceptive act or practice, in violation of M.G.L. c. 93A sec.2, for a licensee or an administrator:

> (1) to fail to comply with an existing state or federal statute, rule or regulation which provides protection to or for residents or prospective residents of long-term care facilities;

38) As a direct and proximate result of said willful violations of law by Sunrise, plaintiff, was exposed to risk of personal injury from abuse, mistreatment, carelessness or neglect, and did, in fact, suffer such personal injury.

39) As a direct and natural result of said willful violations of law by Sunrise, plaintiff, suffered loss of property insofar as the services rendered by Sunrise was not the services that plaintiff bargained and paid for, were not the services Sunrise had represented that they would provide, and were not the services that Sunrise was required by statute, rule and regulation to provide.

40) At all times relevant hereto Sunrise, were engaged in trade or commerce.

41) On November 5, 2004, the Plaintiff, through her attorney, sent Sunrise, via certified and regular mail, return receipt requested, postage prepaid, a written demand for relief pursuant to G.L. c. 93A, sec. 9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered.

42) On December 22, 2004, the defendant, through their attorney, sent a response to plaintiff's November 5, 2004 letter.

WHEREFORE:

   a. Plaintiff, demands judgment against Sunrise, in an amount of money deemed sufficient to compensate her for personal injuries, plus interest and costs.

b. Plaintiff, demands judgment against Sunrise, in an amount of money, computed on a daily basis, representing the difference between the amount of consideration she paid to Sunrise for occupancy, board, comfort, safety and care and the actual value of the services provided by Sunrise, plus interest and costs.

c. Plaintiff, demands judgment against Sunrise, in an amount of money, computed on a daily basis, representing the difference between the value of the services which Sunrise represented they would provide to plaintiff and the value of the services they actually provided, plus interest and costs.

d. Plaintiff, demands judgment against Sunrise, in an amount of three times the actual loss, with award of reasonable attorneys' fees, plus interest and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS**

The Plaintiff,
By Her Attorney

_____
DAVID J. HOEY
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
978 664-3633
BBO: 628619

Dated: February 25, 2005

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

CIVIL DOCKET# MICV2005-00790-F

RE: Doe v Sunrise Development, Inc. a/k/a Sunrise Assisted Living et al

TO: David J Hoey, Esquire
350 Park Street
Suite 205
N Reading, MA 01864

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/06/2005 |
| All motions under MRCP 15 filed | 06/02/2006 |
| All discovery requests and depositions completed | 04/28/2007 |
| All motions under MRCP 56 served and heard | 06/27/2007 |
| Final pre-trial conference held and firm trial date set | 10/25/2007 |
| Case disposed | 03/08/2008 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session F sitting in Rm 10A (Cambridge), Middlesex Superior Court.

Dated: 03/09/2005

Edward J. Sullivan
Clerk of the Courts

BY: Martha Fulham Brennan
Assistant Clerk

Location: Rm 10A (Cambridge)
Telephone: 617-494-4010 EXT 4281

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                      SUPERIOR COURT
                                                    CIVIL ACTION NO.: 05-00790

JANE DOE,                          )
              PLAINTIFF            )
                                   )
         V.                        )
                                   )
SUNRISE DEVELOPMENT, INC.          )
a/k/a SUNRISE ASSISTED LIVING      )
DEVELOPMENT;                       )
SUNRISE ASSISTED LIVING            )
MANAGEMENT, INC. doing business as )
SUNRISE OF WAYLAND;                )
METROPOLITAN/WAYLAND               )
SENIOR HOUSING, LLC                )
              DEFENDANTS           )

## ASSENTED TO MOTION FOR COURT ORDER FOR THE PRODUCTION OF POLICE INVESTIGATION RECORDS AND REPORTS

**I.   FACTUAL BACKGROUND**

This civil action arises out of the alleged sexual abuse, among other claims of abuse, committed by the defendant, against the plaintiff while she was an assisted living facility resident of the defendants. It is alleged that the Sunrise of Wayland, through it's affiliates, agents and subsidiaries, hereinafter "Sunrise", and by it's employees, agents or servants allowed the plaintiff to be abused which resulted in severe and permanent personal injuries; endangerment of her health, safety, welfare and well-being, and causing her marked physical and emotional pain and suffering and great mental anguish. The injuries sustained resulted in trauma of such a severe nature that the plaintiff was caused to be the subject of a **police investigation**.

Prior to plaintiff's suit being filed the Wayland Police department conducted an investigation into the matter. Efforts were made to obtain the reports and records but plaintiff

1

1113411v1

was unsuccessful. Subsequently, the plaintiff filed this civil action against the defendants. The Wayland police complied investigative reports in connection with the incident(s) as mentioned above, which include summaries of interviews with the plaintiff and defendant employees, agents or servants. The reports are being protected from disclosure pursuant to M.G.L. c. 41 §97D. The parties are seeking a Court Order to obtain the police investigative reports which are in the care, custody and possession of the Wayland Police Department.

Attached hereto please find copies of Plaintiff's 93A Demand for Relief and Defendant's 93A Response (redacted).

## II.   ARGUMENT

M.G.L. c. 41 § 97D, provides, in relevant part, "[a]ll reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality." "Public inspection clearly is distinguishable from inspection by defendants in a lawsuit containing serious allegations of personal injuries and seeking substantial damages. It does not follow from the fact that the legislature has designated a particular type of report not to be 'public' that the legislature also has circumscribed a litigant's right to access to pertinent police records under the discovery provisions of the Massachusetts Rules of Civil Procedure." Doe v. Lyons, 6 Mass. L. Rep. 274 (1996); see also Doe v. Bright Horizons Children Centers, Inc., et al., No. 96-6151, 1998 Mass. Super. LEXIS 50, at *7-8 (Superior Court of Massachusetts July 1, 1998). "Investigations of sexual assault, without question, require a police officer to inquire into intensely personal matters. A rape victim, however, can have no reasonable expectation that statements made to an officer . . . will not be

disclosed to defendants if she, herself, chooses to commence a lawsuit seeking to hold persons responsible for the assault . . . ." Doe v. Lyons, 6 Mass. L. Rep. 274 (1996).

In the present action, the Wayland Police investigative records are being protected from disclosure pursuant to M.G.L. c. 41 § 97D because the records include summaries of the interviews with the police about the alleged sexual assault on the plaintiff. The alleged assailant is an employee, agent or servant of the defendant, Sunrise. The parties move this court to compel the Wayland Police to disclose the police investigative records and reports so that the parties may properly prosecute and defend themselves in this civil action brought by the plaintiffs. By seeking to hold the defendants civilly responsible for the sexual assaults committed by one of their employees, servants or agents, the plaintiffs and defendants have forfeited their right to a reasonable expectation privacy **only to themselves and not the general public**.

Furthermore, the plaintiffs' allege that they were sexually abused by an employee, agents or servant of the defendants' while she was a resident of the defendant's assisted living facility. The plaintiff is 97 years of age and her memory is that of a 97 year old women. Any prior statements by the plaintiff or the alleged assailant are relevant and may be contained in the police reports. It is the Police department's position that no criminal charges will be filed.

A party to a civil lawsuit may demand that the opposing party produce discoverable documents that are subject to the party's possession, custody or *control* for inspection and copying. See Mass. R. Civ. P. 34. Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, the rules must be interpreted consistently with the construction given their Federal counterparts absent compelling reasons to the contrary or significant differences in content. See Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 800 (1987) Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 180 (1975).

3

## CERTIFICATE OF SERVICE

I, David J. Hoey, do hereby certify that I have this day served the foregoing **ASSENTED TO MOTION FOR COURT ORDER FOR THE PRODUCTION OF POLICE INVESTIGATION RECORDS AND REPORTS** to the following in this action by mailing the same, postage prepaid to:

Joseph Desmond, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA

Robert Irving, Police Chief
Wayland Police Department
Wayland, MA

Date: 3/8/05          Attorney: _DJH_

1113411v1

County of Middlesex
The Superior Court

Civil Docket **MICV2005-00790**

RE:   Doe v Sunrise Development, Inc. a/k/a Sunrise Assisted Living et al

TO:   Joseph M Desmond, Esquire
      Morrison Mahoney LLP
      250 Summer Street
      Boston, MA 02210-1181

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/18/2005**:

*RE: Assented to Motion for court order for the production of police investigation records and reports*

**is as follows:**

**MOTION (P#2) ALLOWED by agreement. Dated: March 17, 2005 (Bonnie H. MacLeod, Justice) Notices mailed March 18, 2005**

Dated at Cambridge, Massachusetts this 18th day of March, 2005.

                                        Edward J. Sullivan,
                                        Clerk of the Courts
                      BY:

                                        Martha Fulham Brennan
                                        Assistant Clerk

Telephone: 617-494-4010 EXT 4281

Copies mailed 03/18/2005

***ATTENTION: SUFFOLK COUNTY SUPERIOR COURT ONLY***
On or after **April 4, 2005** all lawyers, litigants, witnesses etc. who have a notice to appear before **Suffolk County Superior Court for Criminal** business are to report to the Superior County Courthouse. On or after **April 11, 2004** all lawyers, litigants, witnesses etc. who have a notice to appear before for the **Suffolk County Superior Court for Civil** business are to report to The Suffolk County Courthouse. The Suffolk County Courthouse is located at Three Pemberton Square, Boston 02108.

cvdresult_2.wpd  2700494 motallow johnson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Jane Doe v. Sunrise Development, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05-cv-10579 NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __Not Applicable.__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph M. Desmond, Morrison Mahoney LLP__
ADDRESS __250 Summer Street, Boston, MA 02210__
TELEPHONE NO. __(617) 439-7554__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jane Doe

**(b)** County of Residence of First Listed Plaintiff   Middlesex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David J. Hoey, 350 Park Street, Suite 205
N. Reading, MA 01864 (978) 664-3633

### DEFENDANTS
Sunrise Development, Inc.,
Sunrise Assisted Living Management, Inc.
Sunrise Assisted Development
Metropolitan/Wayland Senior Living

County of Residence of First Listed Defendant   Fairfax, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Joseph M. Desmond,
Morrison Mahoney LLP, 250 Summer Street
Boston, MA 02210 (617) 439-7514

05-10579-NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332; 28 U.S.C. 1441
Brief description of cause: Personal injuries resulting from alleged negligence and care of resident of Assisted Living Facility.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE   Not Applicable   DOCKET NUMBER

DATE                      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____