**MICV2005-00790**

FILED
...RKS OFFICE
... II P 2: 24
U.S. DISTRICT COURT
DISTRICT OF MASS

05cv10579NG

**Jane Doe**

**v.**

**Sunrise Development Inc. a/k/a Sunrise Assisted Living Development, et al.**

**Removed to United States District Court**

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-00790

I, Patricia A. McCann, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 28th day of March, in the year of our Lord, Two Thousand Five.



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 28th day of March, in the year of our Lord, Two Thousand Five.

_____
Assistant Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>                Plaintiff | )<br>) |
| | ) |
| v. | ) |
| | ) |
| SUNRISE DEVELOPMENT, INC. | ) |
| A/K/A SUNRISE ASSISTED | ) |
| LIVING DEVELOPMENT; SUNRISE | ) |
| ASSISTED LIVING MANAGEMENT, | ) |
| INC., D/B/A SUNRISE OF WAYLAND, | ) |
| METROPOLITAN/WAYLAND SENIOR | ) |
| HOUSING, LLC | ) |
|                Defendants | ) |

FILED
IN THE OFFICE OF THE
CLERK OF THE COURT
FOR THE COUNTY OF MIDDLESEX

MAR 28 2005

_Edward J. Sullivan_
CLERK

C.A. NO.:  05CV10579-NG

## NOTICE TO STATE COURT OF NOTICE OF REMOVAL
## TO FEDERAL COURT

Please take notice that on March 24, 2005, the above-captioned action has been

removed to the United States District Court for the District of Massachusetts pursuant to

Tile 28, United States Code, Sections 1332, 1441 and 1446.  A certified copy of said

notice of removal is attached hereto, in accordance with Title 28, United States Code,

Section 1446(d).


THE DEFENDANTS,
SUNRISE DEVELOPMENT, INC. A/K/A SUNRISE
ASSISTED LIVING DEVELOPMENT; SUNRISE
ASSISTED LIVING MANAGEMENT, INC., D/B/A
SUNRISE OF WAYLAND, METROPOLITAN/
WAYLAND SENIOR HOUSING, LLC
By their attorney,

Joseph M. Desmond, BBO #634883
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date:  3-25-05

1

1133668v1

## CERTIFICATE OF SERVICE

I, Joseph M. Desmond, do hereby certify that I have this day served the foregoing **NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT** to all counsel of record in this action by mailing the same, postage prepaid to:

David J. Hoey, BBO #628619
LAW OFFICE OF DAVID J. HOEY, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
(978) 664-3633

Date: 3-25-05                          Attorney: _____

1133668v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR 25  A 9:25

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JANE DOE,<br>Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SUNRISE DEVELOPMENT, INC. | ) |
| A/K/A SUNRISE ASSISTED | ) |
| LIVING DEVELOPMENT; SUNRISE | ) |
| ASSISTED LIVING MANAGEMENT, | ) |
| INC., D/B/A SUNRISE OF WAYLAND, | ) |
| METROPOLITAN/WAYLAND SENIOR | ) |
| HOUSING, LLC | ) |
| Defendants | ) |

05 CV 10579 NG

I hereby certify on _____ that the
foregoing document is true and correct copy of the
☐ electronic document in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on 3/25/2005
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:_____
Deputy Clerk

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28 U.S.C. 1441(a)

Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, pursuant to 28 U.S.C. §1446 and Local Rule 81.1, hereby file this Notice of Removal to the United States District Court for the District of Massachusetts of the civil action now pending in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Middlesex Superior Court. The defendants state:

1.     This action was filed in the Middlesex Superior Court on February 25, 2005. The summons and complaint have not yet been served on the defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC. A copy of the Complaint was provided to counsel on or about March 8, 2005.

1

2.     In their complaint, the plaintiffs aver that "Jane Doe", a fictitious name, sustained personal injuries between the dates of June 6, 2003 and September 13, 2004 while a resident of the Assisted Living Facility allegedly operated by the defendants.  The plaintiff is a resident of Wayland, Middlesex County, Massachusetts.

3.     Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, are corporations duly organized and existing under the laws of the State of Virginia and each has its principal place of business in McLean, Virginia.  This suit is wholly civil in nature brought in a trial court in Norfolk County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

4.     If the plaintiffs' averments and their itemized detailed statement of monetary damages are to be believed, then the matter in dispute exceeds one hundred thousand dollars ($100,000.00), exclusive of interest and costs.

5.     A copy of all process, pleadings and orders provided to the defendant is filed with and attached to this notice.  (The Complaint and Demand for Jury Trial as Exhibit A; the tracking order as Exhibit B; the Motion for Court Order for the Production of Police Investigation, as Exhibit C; and the Order for Production as Exhibit D).

6.     Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, will give written notice of this filing to all

2

adverse parties by mailing a copy of it to plaintiffs' counsel, as shown on the certificate of service.

7.      Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, will file a copy of this notice with the Clerk of the Middlesex Superior Court by mailing a copy as shown on the certificate of service.

8.      This notice is filed within thirty (30) days of notice of the suit, within thirty days of the date this action became removable, and within the time for filing this notice. See 28 U.S.C. §1446.

9.      Pursuant to Local Rule 81.1(A), defendants shall request the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, Defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland Metropolitan/Wayland Senior Housing, LLC, pray that the above action now pending in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County, be removed from that Court to this United States District Court.

1133587v1

THE DEFENDANTS,
SUNRISE DEVELOPMENT, INC.
A/K/A SUNRISE ASSISTED
LIVING DEVELOPMENT; SUNRISE
ASSISTED LIVING MANAGEMENT,
INC., D/B/A SUNRISE OF WAYLAND,
METROPOLITAN/WAYLAND SENIOR
HOUSING, LLC
By their attorney,


Joseph M. Desmond, BBO #634883
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: 3 - 25 - 05

## CERTIFICATE OF SERVICE

I, Joseph M. Desmond, do hereby certify that I have this day served the foregoing
**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28
U.S.C. 1441(a)** to all counsel of record in this action by mailing the same, postage
prepaid to:

David J. Hoey, BBO #628619
LAW OFFICE OF DAVID J. HOEY, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
(978) 664-3633

Date: 3-25-05                    Attorney:

4

1133587v1

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO.:

JANE DOE,
          PLAINTIFF

    V.

SUNRISE DEVELOPMENT, INC.
a/k/a SUNRISE ASSISTED LIVING
DEVELOPMENT;
SUNRISE ASSISTED LIVING
MANAGEMENT, INC. doing business as
SUNRISE OF WAYLAND;
METROPOLITAN/WAYLAND
SENIOR HOUSING, LLC
          DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 28 2005

_____
CLERK

## COMPLAINT

### GENERAL ALLEGATIONS

1)     The Plaintiff, for purposes of this complaint will be referred to as "Jane Doe" is a resident of Wayland, Middlesex County, Massachusetts.

2)     Defendant, Sunrise Development, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

3)     Defendant, Sunrise Assisted Living Development from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

4)     Defendant, Sunrise Assisted Living Management, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

5)   Defendant, Metropolitan/Wayland Senior Housing, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia, and was the agent to Sunrise Assisted Living Management, Inc.

6)   For purposes of this compliant the above referenced defendants shall be referred to collectively as "Sunrise".

7)   At all times relevant hereto Sunrise owned and or operated Sunrise at Wayland, an Assisted Living Residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et. seq.

8)   From June 6, 2003 to September 13, 2004, Jane Doe was a resident of Sunrise's Assisted Living Residence, Sunrise at Wayland, located at 205 Commonwealth Road, Newton, Middlesex County, Massachusetts.

## COUNT I
### Negligence

9)   Plaintiff hereby realleges and repeats paragraphs 1-8 of this Complaint, in the same manner and fashion as if expressly set forth herein.

10)  Sunrise, at all time pertinent hereto, was a certified assisted living residence in the Commonwealth of Massachusetts.

11)  Sunrise, at all times pertinent hereto, were the owner and/or operator of Sunrise at Wayland in Wayland, Massachusetts from June 6, 2003 to September 13, 2004, when the injuries, which are the subject matter of this complaint, were occasioned.

12)  As Jane Doe was a paying resident of said assisted living residence, Sunrise by and through its employees, had contractual and other duties to provide competent supervision, monitoring and other services to Jane Doe as required by law and consistent with community standards.

13),  Sunrise also had a duty to provide safety at all times for its residents, including Jane Doe.

14)  Sunrise held itself out to be a specialist in the field of assisted living with the expertise to maintain the monitoring, supervision and safety and well being of persons unable to care for themselves, such as Jane Doe.

15) Sunrise also had a duty to refrain from injuring its residents, including Jane Doe.

16) Notwithstanding said duties, Jane Doe was:

    a) verbally abused;

    b) spoken too in a condescending manner;

    c) sexually abused;

    d) intentionally administered Trzadone;

    e) physically assaulted;

    f) sexually assaulted;

    g) placed in adult diapers for no reason;

    h) exposed to illegal substances.

17) As a direct and proximate result of Sunrise's failure to supervise their residents and monitor their facility, Jane Doe was assaulted and battered and suffered multiple injuries, including but not limited to multiple bruising, pain and suffering, loss of dignity and a decline in health and mobility.

18) Sunrise negligently permitted Jane Doe to sustain injury and failed to prevent injury.

19) Sunrise negligently failed to properly train its staff in monitoring Jane Doe and others like her who was unable to attend to their own safety and was confined to an assisting living residence.

20) Sunrise negligently failed to provide safety to its residents and Jane Doe resulting in Jane Doe's injuries.

21) Sunrise was further negligent as it:

a. Carelessly and negligently failed to provide safe environment of Jane Doe;

b.Carelessly and negligently failed to provide adequate and proper supervised services as needed by Jane Doe;

c. Carelessly and negligently failed to maintain Jane Doe's dignity;

d. Carelessly and negligently failed to provide necessary monitoring and supervision services of the assailant;

e. Carelessly and negligently failed to prevent the incident from occurring;

f. Carelessly and negligently failed to seek immediate treatment and hospital intervention for Jane Doe;

g. Carelessly and negligently failed to aide in a time of need and danger;

h. Carelessly and negligently failed to act as a reasonable prudent assisted living facility under the circumstances.

22) At all times pertinent hereto, Jane Doe was unable to care for herself and was under the exclusive control and supervision of Sunrise.

23) At all times pertinent hereto, Jane Doe was in the exercise of due care under the circumstances and was otherwise free from any and all comparative negligence.

24) As a direct and proximate result of Sunrise's wrongful and negligent acts and omissions, as aforesaid, Jane Doe was severely injured, was caused to endure extreme conscious pain and suffering for an extended period of time, suffered bodily injury, incurred expenses for her medical treatment, and was otherwise injured and damaged as a direct and proximate result of these acts and omissions.

**WHEREFORE**, the Plaintiff prays that judgment be entered in their favor and against Sunrise in an amount deemed just and fair by this Honorable Court, together with interest, attorney fees, costs of suit, and for such other relief as the Court may award.

## COUNT II
### Violation of Regulations

25) Plaintiff realleges and repeats paragraphs 1 through 24 of this Complaint in the same manner and fashion as if expressly set forth in herein.

26)    Sunrise, at all times relevant hereto have failed to provide a
sufficient number of trained, experienced and competent
personnel; have failed to provide appropriate services and
supervision and safety for all residents and have failed to ensure
that their personal needs are met and that they remain free of
injury, failed to ensure dignity, all in violation of the regulations
for assisted living facilities of the Massachusetts Executive office
of Elder Affairs, 651 CMR 12.00, et seq.

27)    Sunrise failed to comply with state laws, rules, regulations, and
guidelines designed to protect the health and safety of residents
such as Jane Doe. Sunrise was negligent per se in violating the
following regulations:

a.    651 CMR 12:04 which relates to **General Requirements
For An Assisted Livings Residents** and several of its
subparts.

b.    651 CMR 12.08 which relates to **Resident Rights** and
several of its subparts;

c.    651 CMR 12.05 which relates to **Record Requirements**
and several of its subparts;

d.    any other regulations, which were violated as, ascertained
during the course of discovery.

28)    As a direct and proximate result of said violation of regulation,
Jane Doe, was exposed to risk of personal injury from abuse,
mistreatment or neglect, and did, in fact suffer such personal
injury as a result thereof.

**WHEREFORE**, Plaintiffs demand judgment against Sunrise, for
violation of law, statute or regulation in a sum of money deemed
sufficient by the Court of Jury to compensate the plaintiff for
personal injuries, bills for medical care and attendance, and for
pain and suffering, together with interest and costs.

### <u>COUNT III</u>
### Breach of Contract

29)    Plaintiff realleges and repeats paragraphs 1 through 28 of this
Complaint in the same manner and fashion as of expressly set
forth in herein.

30) Sunrise, for good and sufficient consideration undertook to provide to plaintiff services for her occupancy, board, safety, comfort and care adequate to meet her reasonable needs and requests, such services to meet or exceed the minimum levels of services established by state regulations.

31) Sunrise's failure to adhere to contract provisions signed with plaintiff and/or its failure to adhere to regulations set forth in previous Count, constitute breaches of contract.

32) Sunrise failed to provide plaintiff with adequate services and failed to meet her reasonable needs and requests and failed to provide services at levels at or above the minimum levels set by law, all in breach of their contract obligations to plaintiff.

33) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury while a resident at Sunrise at Wayland.

34) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury.

WHEREFORE, Plaintiff demands judgment against Sunrise, in a sum of money deemed sufficient by the Court of Jury to compensate her for personal injuries, bills for medical care and attendance and for pain and suffering, embarrassment, humiliation and for return of moneys paid by Plaintiff or on her behalf to Sunrise together with interest and costs.

## COUNT IV
### Consumer Protection Act Violation - G.L.Ch. 93A

35) Plaintiff realleges and incorporates herein paragraphs 1 through 34 of this Complaint.

36) Sunrise, by misrepresenting the quality of the services they would provide to plaintiff and by failing to provide services for which they charged plaintiff, by failing to comply with existing state statutes, rules or regulations, have willfully committed unfair or deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A, Section 2.

37)     Sunrise, by failing to comply with existing state statutes, rules or
        regulations, have committed unfair or deceptive acts or practices
        in violation of Massachusetts General Laws, Chapter 93A, Section
        2.; and, 940 CMR 4.02 as stated below:

        **4.02: Unfair or Deceptive Acts or Practices:**
        It shall be an unfair or deceptive act or practice, in violation of
        M.G.L. c. 93A sec.2, for a licensee or an administrator:

                (1) to fail to comply with an existing state or federal
                statute, rule or regulation which provides protection to or
                for residents or prospective residents of long-term care
                facilities;

38)     As a direct and proximate result of said willful violations of law
        by Sunrise, plaintiff, was exposed to risk of personal injury from
        abuse, mistreatment, carelessness or neglect, and did, in fact,
        suffer such personal injury.

39)     As a direct and natural result of said willful violations of law by
        Sunrise, plaintiff, suffered loss of property insofar as the services
        rendered by Sunrise was not the services that plaintiff bargained
        and paid for, were not the services Sunrise had represented that
        they would provide, and were not the services that Sunrise was
        required by statute, rule and regulation to provide.

40)     At all times relevant hereto Sunrise, were engaged in trade or
        commerce.

41)     On November 5, 2004, the Plaintiff, through her attorney, sent
        Sunrise, via certified and regular mail, return receipt requested,
        postage prepaid, a written demand for relief pursuant to G.L. c.
        93A, sec. 9, identifying the claimant and reasonably describing the
        unfair acts or practices relied upon and the injuries suffered.

42)     On December 22, 2004, the defendant, through their attorney, sent
        a response to plaintiff's November 5, 2004 letter.

        WHEREFORE:

        a.      Plaintiff, demands judgment against Sunrise, in an amount
                of money deemed sufficient to compensate her for personal
                injuries, plus interest and costs.

b.    Plaintiff, demands judgment against Sunrise, in an amount
      of money, computed on a daily basis, representing the
      difference between the amount of consideration she paid to
      Sunrise for occupancy, board, comfort, safety and care and
      the actual value of the services provided by Sunrise, plus
      interest and costs.

c.    Plaintiff, demands judgment against Sunrise, in an amount
      of money, computed on a daily basis, representing the
      difference between the value of the services which Sunrise
      represented they would provide to plaintiff and the value of
      the services they actually provided, plus interest and costs.

d.    Plaintiff, demands judgment against Sunrise, in an amount
      of three times the actual loss, with award of reasonable
      attorneys' fees, plus interest and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS**

The Plaintiff,
By Her Attorney


_____
DAVID J. HOEY
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
978 664-3633
BBO: 628619

Dated: February 25, 2005

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET# **MICV2005-00790-F**

RE:   **Doe v Sunrise Development, Inc. a/k/a Sunrise Assisted Living et al**

TO:David J Hoey, Esquire
350 Park Street
Suite 205
N Reading, MA 01864

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/06/2005 |
| All motions under MRCP 15 filed | 06/02/2006 |
| All discovery requests and depositions completed | 04/28/2007 |
| All motions under MRCP 56 served and heard | 06/27/2007 |
| Final pre-trial conference held and firm trial date set | 10/25/2007 |
| Case disposed | 03/08/2008 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session F sitting in Rm 10A (Cambridge), Middlesex Superior Court.

Dated: 03/09/2005

Edward J. Sullivan
Clerk of the Courts

BY: Martha Fulham Brennan
Assistant Clerk

Location: Rm 10A (Cambridge)
Telephone: 617-494-4010 EXT 4281

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT
                                        CIVIL ACTION NO.: 05 - 00790

JANE DOE,                          )
          PLAINTIFF                )
                                   )
     V.                            )
                                   )
SUNRISE DEVELOPMENT, INC.          )
a/k/a SUNRISE ASSISTED LIVING      )
DEVELOPMENT;                       )
SUNRISE ASSISTED LIVING            )
MANAGEMENT, INC. doing business as )
SUNRISE OF WAYLAND;                )
METROPOLITAN/WAYLAND               )
SENIOR HOUSING, LLC                )
          DEFENDANTS               )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 2 8 2005

_Edward J. Sullivan_
                    CLERK

## ASSENTED TO MOTION FOR COURT ORDER FOR THE PRODUCTION OF POLICE INVESTIGATION RECORDS AND REPORTS

### I.    FACTUAL BACKGROUND

This civil action arises out of the alleged sexual abuse, among other claims of abuse,

committed by the defendant, against the plaintiff while she was an assisted living facility resident

of the defendants.  It is alleged that the Sunrise of Wayland, through it's affiliates, agents and

subsidiaries, hereinafter "Sunrise", and by it's employees, agents or servants allowed the plaintiff

to be abused which resulted in severe and permanent personal injuries; endangerment of her

health, safety, welfare and well-being, and causing her marked physical and emotional pain and

suffering and great mental anguish.  The injuries sustained resulted in trauma of such a severe

nature that the plaintiff was caused to be the subject of a **police investigation**.

Prior to plaintiff's suit being filed the Wayland Police department conducted an

investigation into the matter. Efforts were made to obtain the reports and records but plaintiff

1

1113411v1

was unsuccessful. Subsequently, the plaintiff filed this civil action against the defendants. The Wayland police complied investigative reports in connection with the incident(s) as mentioned above, which include summaries of interviews with the plaintiff and defendant employees, agents or servants. The reports are being protected from disclosure pursuant to M.G.L. c. 41 §97D. The parties are seeking a Court Order to obtain the police investigative reports which are in the care, custody and possession of the Wayland Police Department.

Attached hereto please find copies of Plaintiff's 93A Demand for Relief and Defendant's 93A Response (redacted).

## II.   **ARGUMENT**

M.G.L. c. 41 § 97D, provides, in relevant part, "[a]ll reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality." "Public inspection clearly is distinguishable from inspection by defendants in a lawsuit containing serious allegations of personal injuries and seeking substantial damages. It does not follow from the fact that the legislature has designated a particular type of report not to be 'public' that the legislature also has circumscribed a litigant's right to access to pertinent police records under the discovery provisions of the Massachusetts Rules of Civil Procedure." Doe v. Lyons, 6 Mass. L. Rep. 274 (1996); see also Doe v. Bright Horizons Children Centers, Inc., et al., No. 96-6151, 1998 Mass. Super. LEXIS 50, at *7-8 (Superior Court of Massachusetts July 1, 1998). "Investigations of sexual assault, without question, require a police officer to inquire into intensely personal matters. A rape victim, however, can have no reasonable expectation that statements made to an officer . . . will not be

disclosed to defendants if she, herself, chooses to commence a lawsuit seeking to hold persons responsible for the assault . . . ."  Doe v. Lyons, 6 Mass. L. Rep. 274 (1996).

In the present action, the Wayland Police investigative records are being protected from disclosure pursuant to M.G.L. c. 41 § 97D because the records include summaries of the interviews with the police about the alleged sexual assault on the plaintiff. The alleged assailant is an employee, agent or servant of the defendant, Sunrise. The parties move this court to compel the Wayland Police to disclose the police investigative records and reports so that the parties may properly prosecute and defend themselves in this civil action brought by the plaintiffs.  By seeking to hold the defendants civilly responsible for the sexual assaults committed by one of their employees, servants or agents, the plaintiffs and defendants have forfeited their right to a reasonable expectation privacy **only to themselves and not the general public**.

Furthermore, the plaintiffs' allege that they were sexually abused by an employee, agents or servant of the defendants' while she was a resident of the defendant's assisted living facility. The plaintiff is 97 years of age and her memory is that of a 97 year old women.  Any prior statements by the plaintiff or the alleged assailant are relevant and may be contained in the police reports. It is the Police department's position that no criminal charges will be filed.

A party to a civil lawsuit may demand that the opposing party produce discoverable documents that are subject to the party's possession, custody or *control* for inspection and copying. See Mass. R. Civ. P. 34.  Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, the rules must be interpreted consistently with the construction given their Federal counterparts absent compelling reasons to the contrary or significant differences in content.  See Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 800 (1987) Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 180 (1975).

3

## CERTIFICATE OF SERVICE

I, David J. Hoey, do hereby certify that I have this day served the foregoing
**ASSENTED TO MOTION FOR COURT ORDER FOR THE
PRODUCTION OF POLICE INVESTIGATION RECORDS AND REPORTS**
to the following in 'his action by mailing the same, postage prepaid to:


Joseph Desmond, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA

Robert Irving, Police Chief
Wayland Police Department
Wayland, MA


Date: 3/8/05                    Attorney: D l H

1113411v1

**County of Middlesex**
**The Superior Court**

Civil Docket **MICV2005-00790**

RE:    Doe v Sunrise Development, Inc. a/k/a Sunrise Assisted Living et al

TO:    Joseph M Desmond, Esquire
       Morrison Mahoney LLP
       250 Summer Street
       Boston, MA 02210-1181

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/18/2005**:

*RE: Assented to Motion for court order for the production of police investigation records and reports*

**is as follows:**

**MOTION (P#2) ALLOWED by agreement. Dated: March 17, 2005 (Bonnie H. MacLeod, Justice) Notices mailed March 18, 2005**

Dated at Cambridge, Massachusetts this 18th day of March, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY:

Martha Fulham Brennan
Assistant Clerk

Telephone: 617-494-4010 EXT 4281

Copies mailed 03/18/2005

**\*\*\*ATTENTION: SUFFOLK COUNTY SUPERIOR COURT ONLY\*\*\***
On or after **April 4, 2005** all lawyers, litigants, witnesses etc. who have a notice to appear before **Suffolk County Superior Court for Criminal** business are to report to the Superior County Courthouse. On or after **April 11, 2004** all lawyers, litigants, witnesses etc. who have a notice to appear before for the **Suffolk County Superior Court for Civil** business are to report to The Suffolk County Courthouse. The Suffolk County Courthouse is located at Three Pemberton Square, Boston 02108.

cvdresult_2.wpd 2700494 motallow johnson

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

| | |
|---|---|
| MASSACHUSETTS | CONNECTICUT |
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| | |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

Joseph M. Desmond
Phone: 617-439-7554
Fax: 617-342-4935
jdesmond@morrisonmahoney.com

March 25, 2005

Civil Clerk
Middlesex Superior Court
40 Thorndike Street
East Cambridge, MA 02141

Re:     Jane Doe
      vs. Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, et al.
      C.A. No.:
      Our File No.: 1-16708

Dear Sir/Madam:

Enclosed for filing in the above-entitled action, please find the following:

1.      NOTICE OF REMOVAL.

Thank you.

Very truly yours,

Joseph M. Desmond

JMD/mf
Enclosure
cc:     David J. Hoey, Esq.

| CIVIL ACTION COVER SHEET | DOCKET NO(S). 05-0790 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|



| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JANE DOE | SUNRISE DEVELOPEMENT, INC. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  978-664-3633 | ATTORNEY (if known) |
|---|---|
| David J. Hoey 350 Park St. Suite 205 No. Reading, MA 01864 Board of Bar Overseers number: 628619 | Joseph Desmond Morrison, Mahoney 250 Summer St. Boston, MA |

## Origin code and track designation

Place an x in one box only:

- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B-07 | Assisted Living | ( A ) | ( X )Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $ pending
2. Total Doctor expenses ................................................ $ pending
3. Total chiropractic expenses ................................................ $
4. Total physical therapy expenses ................................................ $
5. Total other expenses (describe) ................................................ $

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY
MAR 09 2005

Subtotal $

B. Documented lost wages and compensation to date ................................ $
C. Documented property damages to date ................................ $
D. Reasonably anticipated future medical and hospital expenses ................................ $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe)
$
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
This civil action arises out of the alleged sexual abuse, among other claims
of an elderly woman residing in the defendant's Assisted Living Residence.

$ 500,000
TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The complaint contains a breach of contract count

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 3/8/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO.:

JANE DOE,
   PLAINTIFF     )
           ) **05-0790**
           )
  V.        )
           )
SUNRISE DEVELOPMENT, INC. )
a/k/a SUNRISE ASSISTED LIVING )
DEVELOPMENT;     )
SUNRISE ASSISTED LIVING  )
MANAGEMENT, INC. doing business as )
SUNRISE OF WAYLAND;   )
METROPOLITAN/WAYLAND  )
SENIOR HOUSING, LLC   )
    DEFENDANTS  )

```
┌─────────────────────────────┐
│          F I L E D          │
│     IN THE OFFICE OF THE    │
│     CLERK OF THE COURTS     │
│        ...Y OF MIDDLESEX    │
│        MAR 09  2005         │
│        Edward J. Sullivan   │
│                      CLERK  │
└─────────────────────────────┘
```

## COMPLAINT

### GENERAL ALLEGATIONS

1) The Plaintiff, for purposes of this complaint will be referred to as "Jane Doe" is a resident of Wayland, Middlesex County, Massachusetts.

2) Defendant, Sunrise Development, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

3) Defendant, Sunrise Assisted Living Development from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia.

4) Defendant, Sunrise Assisted Living Management, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark, Virginia.

521 1E000003/09/05CIVIL  240.00
521 1E000003/09/05SUR CHARGE 15.00
521 1E000003/09/05SUMMONS  15.00
521 1E000003/09/05SECC   20.00

5)      Defendant, Metropolitan/Wayland Senior Housing, Inc. from June 6, 2003 to September 13, 2004, was a foreign corporation organized under the laws of the state of Virginia having its principle place of business at 7902 Westpark Drive, McLean, Virginia, and was the agent to Sunrise Assisted Living Management, Inc.

6)      For purposes of this compliant the above referenced defendants shall be referred to collectively as "Sunrise".

7)      At all times relevant hereto Sunrise owned and or operated Sunrise at Wayland, an Assisted Living Residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et. seq.

8)      From June 6, 2003 to September 13, 2004, Jane Doe was a resident of Sunrise's Assisted Living Residence, Sunrise at Wayland, located at 205 Commonwealth Road, Newton, Middlesex County, Massachusetts.

## COUNT I
### Negligence

9)      Plaintiff hereby realleges and repeats paragraphs 1-8 of this Complaint, in the same manner and fashion as if expressly set forth herein.

10)     Sunrise, at all time pertinent hereto, was a certified assisted living residence in the Commonwealth of Massachusetts.

11)     Sunrise, at all times pertinent hereto, were the owner and/or operator of Sunrise at Wayland in Wayland, Massachusetts from June 6, 2003 to September 13, 2004, when the injuries, which are the subject matter of this complaint, were occasioned.

12)     As Jane Doe was a paying resident of said assisted living residence, Sunrise by and through its employees, had contractual and other duties to provide competent supervision, monitoring and other services to Jane Doe as required by law and consistent with community standards.

13)     Sunrise also had a duty to provide safety at all times for its residents, including Jane Doe.

14)     Sunrise held itself out to be a specialist in the field of assisted living with the expertise to maintain the monitoring, supervision and safety and well being of persons unable to care for themselves, such as Jane Doe.

15) Sunrise also had a duty to refrain from injuring its residents, including Jane Doe.

16) Notwithstanding said duties, Jane Doe was:

    a)    verbally abused;

    b)    spoken too in a condescending manner;

    c)    sexually abused;

    d)    intentionally administered Trzadone;

    e)    physically assaulted;

    f)    sexually assaulted;

    g)    placed in adult diapers for no reason;

    h)    exposed to illegal substances.

17) As a direct and proximate result of Sunrise's failure to supervise their residents and monitor their facility, Jane Doe was assaulted and battered and suffered multiple injuries, including but not limited to multiple bruising, pain and suffering, loss of dignity and a decline in health and mobility.

18) Sunrise negligently permitted Jane Doe to sustain injury and failed to prevent injury.

19) Sunrise negligently failed to properly train its staff in monitoring Jane Doe and others like her who was unable to attend to their own safety and was confined to an assisting living residence.

20) Sunrise negligently failed to provide safety to its residents and Jane Doe resulting in Jane Doe's injuries.

21) Sunrise was further negligent as it:

a. Carelessly and negligently failed to provide safe environment of Jane Doe;

b.Carelessly and negligently failed to provide adequate and proper supervised services as needed by Jane Doe;

c. Carelessly and negligently failed to maintain Jane Doe's dignity;

d. Carelessly and negligently failed to provide necessary monitoring and supervision services of the assailant;

e. Carelessly and negligently failed to prevent the incident from occurring;

f. Carelessly and negligently failed to seek immediate treatment and hospital intervention for Jane Doe;

g. Carelessly and negligently failed to aide in a time of need and danger;

h. Carelessly and negligently failed to act as a reasonable prudent assisted living facility under the circumstances.

22) At all times pertinent hereto, Jane Doe was unable to care for herself and was under the exclusive control and supervision of Sunrise.

23) At all times pertinent hereto, Jane Doe was in the exercise of due care under the circumstances and was otherwise free from any and all comparative negligence.

24) As a direct and proximate result of Sunrise's wrongful and negligent acts and omissions, as aforesaid, Jane Doe was severely injured, was caused to endure extreme conscious pain and suffering for an extended period of time, suffered bodily injury, incurred expenses for her medical treatment, and was otherwise injured and damaged as a direct and proximate result of these acts and omissions.

**WHEREFORE**, the Plaintiff prays that judgment be entered in their favor and against Sunrise in an amount deemed just and fair by this Honorable Court, together with interest, attorney fees, costs of suit, and for such other relief as the Court may award.

## COUNT II
### Violation of Regulations

25) Plaintiff realleges and repeats paragraphs 1 through 24 of this Complaint in the same manner and fashion as if expressly set forth in herein.

26)    Sunrise, at all times relevant hereto have failed to provide a
       sufficient number of trained, experienced and competent
       personnel; have failed to provide appropriate services and
       supervision and safety for all residents and have failed to ensure
       that their personal needs are met and that they remain free of
       injury, failed to ensure dignity, all in violation of the regulations
       for assisted living facilities of the Massachusetts Executive office
       of Elder Affairs, 651 CMR 12.00, et seq.

27)    Sunrise failed to comply with state laws, rules, regulations, and
       guidelines designed to protect the health and safety of residents
       such as Jane Doe. Sunrise was negligent per se in violating the
       following regulations:

       a.    651 CMR 12:04 which relates to **General Requirements
             For An Assisted Livings Residents** and several of its
             subparts.

       b.    651 CMR 12.08 which relates to **Resident Rights** and
             several of its subparts;

       c.    651 CMR 12.05 which relates to **Record Requirements**
             and several of its subparts;

       d.    any other regulations, which were violated as, ascertained
             during the course of discovery.

28)    As a direct and proximate result of said violation of regulation,
       Jane Doe, was exposed to risk of personal injury from abuse,
       mistreatment or neglect, and did, in fact suffer such personal
       injury as a result thereof.

       **WHEREFORE**, Plaintiffs demand judgment against Sunrise, for
       violation of law, statute or regulation in a sum of money deemed
       sufficient by the Court of Jury to compensate the plaintiff for
       personal injuries, bills for medical care and attendance, and for
       pain and suffering, together with interest and costs.

## COUNT III
### Breach of Contract

29)    Plaintiff realleges and repeats paragraphs 1 through 28 of this
       Complaint in the same manner and fashion as of expressly set
       forth in herein.

30) Sunrise, for good and sufficient consideration undertook to provide to plaintiff services for her occupancy, board, safety, comfort and care adequate to meet her reasonable needs and requests, such services to meet or exceed the minimum levels of services established by state regulations.

31) Sunrise's failure to adhere to contract provisions signed with plaintiff and/or its failure to adhere to regulations set forth in previous Count, constitute breaches of contract.

32) Sunrise failed to provide plaintiff with adequate services and failed to meet her reasonable needs and requests and failed to provide services at levels at or above the minimum levels set by law, all in breach of their contract obligations to plaintiff.

33) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury while a resident at Sunrise at Wayland.

34) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury.

**WHEREFORE,** Plaintiff demands judgment against Sunrise, in a sum of money deemed sufficient by the Court of Jury to compensate her for personal injuries, bills for medical care and attendance and for pain and suffering, embarrassment, humiliation and for return of moneys paid by Plaintiff or on her behalf to Sunrise together with interest and costs.

## COUNT IV
### Consumer Protection Act Violation - G.L.Ch. 93A

35) Plaintiff realleges and incorporates herein paragraphs 1 through 34 of this Complaint.

36) Sunrise, by misrepresenting the quality of the services they would provide to plaintiff and by failing to provide services for which they charged plaintiff, by failing to comply with existing state statutes, rules or regulations, have willfully committed unfair or deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A, Section 2.

37)    Sunrise, by failing to comply with existing state statutes, rules or regulations, have committed unfair or deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A, Section 2.; and, 940 CMR 4.02 as stated below:

**4.02: Unfair or Deceptive Acts or Practices**:
It shall be an unfair or deceptive act or practice, in violation of M.G.L. c. 93A sec.2, for a licensee or an administrator:

(1) to fail to comply with an existing state or federal statute, rule or regulation which provides protection to or for residents or prospective residents of long-term care facilities;

38)    As a direct and proximate result of said willful violations of law by Sunrise, plaintiff, was exposed to risk of personal injury from abuse, mistreatment, carelessness or neglect, and did, in fact, suffer such personal injury.

39)    As a direct and natural result of said willful violations of law by Sunrise, plaintiff, suffered loss of property insofar as the services rendered by Sunrise was not the services that plaintiff bargained and paid for, were not the services Sunrise had represented that they would provide, and were not the services that Sunrise was required by statute, rule and regulation to provide.

40)    At all times relevant hereto Sunrise, were engaged in trade or commerce.

41)    On November 5, 2004, the Plaintiff, through her attorney, sent Sunrise, via certified and regular mail, return receipt requested, postage prepaid, a written demand for relief pursuant to G.L. c. 93A, sec. 9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered.

42)    On December 22, 2004, the defendant, through their attorney, sent a response to plaintiff's November 5, 2004 letter.

WHEREFORE:

a.    Plaintiff, demands judgment against Sunrise, in an amount of money deemed sufficient to compensate her for personal injuries, plus interest and costs.

b.  Plaintiff, demands judgment against Sunrise, in an amount of money, computed on a daily basis, representing the difference between the amount of consideration she paid to Sunrise for occupancy, board, comfort, safety and care and the actual value of the services provided by Sunrise, plus interest and costs.

c.  Plaintiff, demands judgment against Sunrise, in an amount of money, computed on a daily basis, representing the difference between the value of the services which Sunrise represented they would provide to plaintiff and the value of the services they actually provided, plus interest and costs.

d.  Plaintiff, demands judgment against Sunrise, in an amount of three times the actual loss, with award of reasonable attorneys' fees, plus interest and costs.

## THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS

The Plaintiff,
By Her Attorney

_____
DAVID J. HOEY
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
978 664-3633
BBO: 628619

Dated: February 25, 2005

MAS-20041213
holllave

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

04/01/2005
10:58 AM

## MICV2005-00790
## Doe v Sunrise Development, Inc. a/k/a Sunrise Assisted Living et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/09/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 03/28/2005 | **Session** | F - Cv F (10A Cambridge) | | |
| **Origin** | 1 | **Case Type** | B07 - Malpractice-Other | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/07/2005 | **Answer** | 08/06/2005 | **Rule12/19/20** | 08/06/2005 |
| **Rule 15** | 06/02/2006 | **Discovery** | 04/28/2007 | **Rule 56** | 06/27/2007 |
| **Final PTC** | 10/25/2007 | **Disposition** | 03/08/2008 | **Jury Trial** | Yes |

| | |
|---|---|
| **Plaintiff**<br>Jane Doe<br>Active 03/09/2005 | **Private Counsel 628619**<br>David J Hoey<br>350 Park Street<br>Suite 205<br>N Reading, MA 01864<br>Phone: 978-664-3633<br>Fax: 978-664-3643<br>Active 03/09/2005 Notify |
| **Defendant**<br>Sunrise Development, Inc. a/k/a Sunrise Assisted Living<br>7902 Westpark Drive<br>Development<br>Service pending 03/09/2005 | **Private Counsel 634883**<br>Joseph M Desmond<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 03/10/2005 Notify |
| | **Private Counsel 658827**<br>Jennifer H Healey<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 03/10/2005 Notify |
| **Defendant**<br>Sunrise Assisted Living Management, Inc. d/b/a Sunrise Of<br>Wayland<br>Service pending 03/09/2005 | **Private Counsel 634883**<br>Joseph M Desmond<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 03/10/2005 Notify |

MAS-20041213

holllave

**Commonwealth of Massachusetts**

MIDDLESEX SUPERIOR COURT

Case Summary

Civil Docket

04/01/2005

10:58 AM

# MICV2005-00790
## Doe v Sunrise Development, Inc. a/k/a Sunrise Assisted Living et al

|  |  |
|---|---|
|  | **Private Counsel 658827**<br>Jennifer H Healey<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 03/10/2005 Notify |
| **Defendant**<br>Metropolitan/Wayland Senior Housing, LLC<br>7902 Westpark Drive<br>Service pending 03/09/2005 | **Private Counsel 634883**<br>Joseph M Desmond<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 03/10/2005 Notify |
|  | **Private Counsel 658827**<br>Jennifer H Healey<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br>Fax: 617-439-7590<br>Active 03/10/2005 Notify |

| Date | Paper | Text |
|---|---|---|
| 03/09/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/09/2005 |  | Origin 1, Type B07, Track A. |
| 03/10/2005 | 2.0 | Assented to Motion for court order for the production of police investigation records and reports |
| 03/18/2005 |  | MOTION (P#2) ALLOWED by agreement. Dated: March 17, 2005  (Bonnie H. MacLeod, Justice) Notices mailed March 18, 2005 |
| 03/28/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by the Defendants. |
| 03/28/2005 |  | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT. |

$\ell$

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                   SUPERIOR COURT
                                                CIVIL ACTION NO.: 05-00790

JANE DOE,                          )
            PLAINTIFF              )
                                   )
      V.                           )
                                   )
SUNRISE DEVELOPMENT, INC.          )
a/k/a SUNRISE ASSISTED LIVING      )
DEVELOPMENT;                       )
SUNRISE ASSISTED LIVING            )
MANAGEMENT, INC. doing business as )
SUNRISE OF WAYLAND;                )
METROPOLITAN/WAYLAND               )
SENIOR HOUSING, LLC                )
            DEFENDANTS             )

**ASSENTED TO MOTION FOR COURT ORDER FOR THE
PRODUCTION OF POLICE INVESTIGATION RECORDS AND REPORTS**

I.    **FACTUAL BACKGROUND**

      This civil action arises out of the alleged sexual abuse, among other claims of abuse,

committed by the defendant, against the plaintiff while she was an assisted living facility resident

of the defendants. It is alleged that the Sunrise of Wayland, through it's affiliates, agents and

subsidiaries, hereinafter "Sunrise", and by it's employees, agents or servants allowed the plaintiff

to be abused which resulted in severe and permanent personal injuries; endangerment of her

health, safety, welfare and well-being, and causing her marked physical and emotional pain and

suffering and great mental anguish. The injuries sustained resulted in trauma of such a severe

nature that the plaintiff was caused to be the subject of a **police investigation**.

      Prior to plaintiff's suit being filed the Wayland Police department conducted an

investigation into the matter. Efforts were made to obtain the reports and records but plaintiff

1

was unsuccessful. Subsequently, the plaintiff filed this civil action against the defendants. The Wayland police complied investigative reports in connection with the incident(s) as mentioned above, which include summaries of interviews with the plaintiff and defendant employees, agents or servants. The reports are being protected from disclosure pursuant to M.G.L. c. 41 §97D. The parties are seeking a Court Order to obtain the police investigative reports which are in the care, custody and possession of the Wayland Police Department.

Attached hereto please find copies of Plaintiff's 93A Demand for Relief and Defendant's 93A Response (redacted).

## II.    **ARGUMENT**

M.G.L. c. 41 § 97D, provides, in relevant part, "[a]ll reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality." "Public inspection clearly is distinguishable from inspection by defendants in a lawsuit containing serious allegations of personal injuries and seeking substantial damages. It does not follow from the fact that the legislature has designated a particular type of report not to be 'public' that the legislature also has circumscribed a litigant's right to access to pertinent police records under the discovery provisions of the Massachusetts Rules of Civil Procedure." Doe v. Lyons, 6 Mass. L. Rep. 274 (1996); see also Doe v. Bright Horizons Children Centers, Inc., et al., No. 96-6151, 1998 Mass. Super. LEXIS 50, at *7-8 (Superior Court of Massachusetts July 1, 1998). "Investigations of sexual assault, without question, require a police officer to inquire into intensely personal matters. A rape victim, however, can have no reasonable expectation that statements made to an officer . . . will not be

2

disclosed to defendants if she, herself, chooses to commence a lawsuit seeking to hold persons responsible for the assault . . . ." Doe v. Lyons, 6 Mass. L. Rep. 274 (1996).

In the present action, the Wayland Police investigative records are being protected from disclosure pursuant to M.G.L. c. 41 § 97D because the records include summaries of the interviews with the police about the alleged sexual assault on the plaintiff. The alleged assailant is an employee, agent or servant of the defendant, Sunrise. The parties move this court to compel the Wayland Police to disclose the police investigative records and reports so that the parties may properly prosecute and defend themselves in this civil action brought by the plaintiffs. By seeking to hold the defendants civilly responsible for the sexual assaults committed by one of their employees, servants or agents, the plaintiffs and defendants have forfeited their right to a reasonable expectation privacy **only to themselves and not the general public**.

Furthermore, the plaintiffs' allege that they were sexually abused by an employee, agents or servant of the defendants' while she was a resident of the defendant's assisted living facility. The plaintiff is 97 years of age and her memory is that of a 97 year old women. Any prior statements by the plaintiff or the alleged assailant are relevant and may be contained in the police reports. It is the Police department's position that no criminal charges will be filed.

A party to a civil lawsuit may demand that the opposing party produce discoverable documents that are subject to the party's possession, custody or *control* for inspection and copying. See Mass. R. Civ. P. 34. Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, the rules must be interpreted consistently with the construction given their Federal counterparts absent compelling reasons to the contrary or significant differences in content. See Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 800 (1987) Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 180 (1975).

3

Federal courts construe "control" very broadly under the Federal rules. <u>Strom v. American Honda Motor Co.</u>, 423 Mass. 330 (1996); <u>citing</u> <u>Scott v. Arex, Inc.</u>, 124 F.R.D. 39, 41 (D.Conn. 1989). The concept of control *embraces the legal right to obtain the information.* <u>Strom v. American Honda Motor Co.</u>, 423 Mass. 330 (1996) (emphasis added); <u>citing</u> <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir.1984); <u>Henderson v. Zurn Indus.</u>, 131 F.R.D. 560, 567-568 (S.D.Ind.1990). Courts have interpreted this obligation to require that, even when a party from whom information is sought might not have the legal right to obtain information, that party must nevertheless make a good faith effort to obtain it. <u>See</u> <u>Strom v. American Honda Motor Co.</u>, 423 Mass. 330 (1996); <u>citing</u> <u>Searock v. Stripling</u>, <u>supra</u> at 654 ("primary dispositive issue is whether Stripling made a good faith effort to obtain the documents over which he may have had 'control' in whatever sense, and whether after making such a good faith effort he was unable to obtain and thus produce them").

## III.    **CONCLUSION**

This court should grant the parties motion for Court Order of the Wayland Police investigative records and reports because the parties are seeking the reports in connection with the civil action rather than for public inspection.

THE PLAINTIFF,
By Her Attorney

David J. Hoey, BBO #628619
LAW OFFICE OF DAVID J. HOEY, PC
350 Park Street
North Reading, MA 01864
(978) 664-3633

Date: February 25, 2005

THE DEFENDANTS,
By their attorneys,

Joseph M. Desmond, BBO #634883
Jennifer H. Healy, BBO #658827
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

4

## CERTIFICATE OF SERVICE

I, David J. Hoey, do hereby certify that I have this day served the foregoing
**ASSENTED TO MOTION FOR COURT ORDER FOR THE
PRODUCTION OF  POLICE INVESTIGATION RECORDS AND REPORTS**
to the following in this action by mailing the same, postage prepaid to:


Joseph Desmond, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA

Robert Irving, Police Chief
Wayland Police Department
Wayland, MA


Date: 3|8|05                    Attorney:_____


5

i11341iv1