UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, )<br>       Plaintiff ) | |
| v. ) | |
| SUNRISE DEVELOPMENT, INC. )<br>A/K/A SUNRISE ASSISTED )<br>LIVING DEVELOPMENT; SUNRISE )<br>ASSISTED LIVING MANAGEMENT, )<br>INC., D/B/A SUNRISE OF WAYLAND, )<br>METROPOLITAN/WAYLAND SENIOR )<br>HOUSING, LLC )<br>       Defendants ) | C.A. NO.: 05-CV-10579NG |

**DEFENDANTS' MOTION TO AMEND ANSWER
TO ASSERT AFFIRMATIVE DEFENSE**

The defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland and Metropolitan/Wayland Senior Housing, LLC, ("the defendants"), respectfully move this Court pursuant to Fed. R. Civ. P. 15 (a) for leave of court to file an amended answer to assert the affirmative defenses based upon the settlement of the case by agreement between counsel for the defendants and counsel for the plaintiffs.

1.     The plaintiff alleges that he sustained injuries as a result of *inter alia*, a sexual assault while a resident of the assisted living facility allegedly owned and/or operated by the defendants.

2.     Since the filing of the complaint in the state court, the plaintiff obtained an order for the rape investigation conducted by the investigating police department. Those records revealed an absence of evidence to support any claim of rape.

3.     Following the removal of the present case to federal court and the discovery of this evidence, the parties engaged in a settlement conference to discuss the potential resolution of the plaintiff's claims without further litigation.

4.     After the conference, a series of correspondence followed in which the parties ultimately agreed to settle the case and execute a release. Thereafter, the plaintiff declined to execute the release despite the binding agreement to resolve the case.

1

5.      In light of the foregoing, the defendants seek to amend the answer to assert the affirmative defenses of release, accord and satisfaction and the doctrines of laches, estoppel and waiver. These defenses are meritorious based upon the settlement discussions and oral contract to settle the case.

6.      The defendant also believes that the case was improperly filed in the name of Jane Doe, an alias for the resident in question. The defendants believe and understand that the resident is incompetent and that she has been activated by her incompetence. Therefore, the suit must be brought by a guardian or person with legal rights to do so pursuant to the durable power of attorney. In light of this information, the defendant seeks to add the appropriate affirmative defense.

7.      Fed. R. Civ. P. 15 (a) declares that leave to amend "shall be freely given when justice so requires". Executive Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66 (1st Cir. 1995). This mandate is to be heeded. Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S.Ct. 227 (1962); quoting 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10.

8.      In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Id.

9.      While the grant or denial of an opportunity to amend is within the discretion of the District Court, outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. Id.

10.     The Rules are to be construed to "secure the just, speedy and inexpensive determination of every action. See Fed. R. Civ. P. 1. Moreover, the principle behind the purpose of pleading is to facilitate a proper decision on the merits of the case. See Conley v. Gibson, 355 U.S. 41, 48; 78 S. Ct. 99; 2 L. Ed. 2d 80; (1957).

11.     In the present case, the proposed amendment is meritorious and advanced in good faith based upon developments since the filing of the answer.

12.     The defendant has brought the present motion in a timely fashion following the discovery of the information giving rise to the additional defenses. Additionally, the discovery deadline has not passed, and no trial date has been set. Furthermore, the motion is being filed prior to the initial scheduling conference.

13.     No undue prejudice to the plaintiff's case will be caused by the allowance of the motion. Rather, the allowance of the motion will permit a proper decision based upon the merits of the case.

14.	Counsel for the defendants conferred with plaintiff's counsel pursuant to Local Rule 7 prior to filing the motion. Court approval remains necessary to file the amended answer.

WHEREFORE, the defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc., d/b/a Sunrise of Wayland and Metropolitan/Wayland Senior Housing, LLC, respectfully moves this Court for leave to file the attached Amended Answer to Plaintiff's Complaint. The defendant further requests that this Court deem the Amended Answer filed upon the allowance of the present motion.

THE DEFENDANTS,
SUNRISE DEVELOPMENT, INC.
A/K/A SUNRISE ASSISTED
LIVING DEVELOPMENT; SUNRISE
ASSISTED LIVING MANAGEMENT,
INC., D/B/A SUNRISE OF WAYLAND,
METROPOLITAN/WAYLAND SENIOR
HOUSING, LLC
By their attorney,


/s/joseph desmond
Joseph M. Desmond, BBO #634883
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date:_____

## CERTIFICATE OF SERVICE

I, Joseph M. Desmond, do hereby certify that I have this day served the foregoing **DEFENDANTS' MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE** to all counsel of record in this action by mailing the same, postage prepaid to:

David J. Hoey, BBO #628619
LAW OFFICE OF DAVID J. HOEY, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
(978) 664-3633


Date:_____         Attorney:_____

4

1163001v1