UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>　　　　PLAINTIFF<br><br>V.<br><br>SUNRISE DEVELOPMENT, INC.<br>a/k/a SUNRISE ASSISTED LIVING<br>DEVELOPMENT;<br>SUNRISE ASSISTED LIVING<br>MANAGEMENT, INC. doing business as<br>SUNRISE OF WAYLAND;<br>METROPOLITAN/WAYLAND<br>SENIOR HOUSING, LLC<br>　　　　DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. 05-CV-10579NG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE**

The plaintiff, Jane Doe, respectfully submit this opposition to defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc. d/b/a Sunrise of Wayland and Metropolitan/Wayland Senior Housing, LLC ("the defendants"), motion to amend answer to assert affirmative defense.

1.   Plaintiff was a resident of defendant assisted living facility from June 6, 2003 to September 13, 2004. The defendants refer to plaintiff has "he." Jane Doe is a "she." In addition to sexual assault, plaintiff was injured by way of:

    a)   verbally abused;

    b)   spoken too in a condescending manner;

    c)   intentionally administered Trzadone;

    d)   physically assaulted;

    e)   placed in adult diapers for no reason;

    f)   exposed to illegal substances.

2. The police records obtained, through Court Order, are inconclusive of "rape" but do shed some evidence of an encounter. (see exhibit 1).

3. Following the removal of the present case to federal court and the discovery, the plaintiff's counsel met with the head of litigation for the defendant's, an attorney himself, who does not have an appearance in the case, at local counsel office in Boston for the purposes of meeting each other and to discuss whether settlement was an option. Immediately, defendant's head of litigation withdrew his offer and informed plaintiff's counsel that the case is a "zero" offer.[1] The offer was later put back on the table with the help of defendant's local counsel.

4. After the conference, a series of communications followed in which the parties agreed to settle the matter for the initial offer provided. However, the defendant required additional terms and a payback of monies by the plaintiff which the plaintiff does not accept or agree to pay. Therefore, the settlement release was not executed by the plaintiff. This new condition/term required by the defendants is a material condition and not agreed to with the initial offer and therefore there is no binding agreement to resolve the case.

5. Since there is no signed agreement, no binding agreement on the new, additional terms that defendant requires there is no meeting of the minds and therefore Accord and Satisfaction cannot be an affirmative defense. The affirmative defense of Release will not work either because the agreement was never executed. The doctrines of laches is not applicable to this action because the defendants are no prejudiced. In fact, it is the plaintiff who is prejudiced.

6. Because there is an allegation of sexual misconduct and because the plaintiff does have some signs of mental impairment the case was filed as a Jane Doe with no objection by the defendants. To file or amend the complaint to add the plaintiff's power of attorney would defeat the purpose for filing as a "Jane Doe" and reveal the identity of Jane Doe, which is unfair.

7. Although it is the Rule that leave to amend "shall be freely given when justice so requires," justice will not be served by allowing this amendment. The defendants have specifically changed the terms and conditions of the initial agreement, which the plaintiff does not agree. By allowing the amendment may force the plaintiff to an agreement that she does not agree.

8. The allowance of the motion will not permit a proper decision based upon the merits of the case. The merits of the case have not yet been fully litigated and no discovery has occurred.

9. Counsel for the plaintiff conferred with defendant's local counsel his intent to file an opposition.

---

[1] There were three other matters to discuss in addition to this case.

WHEREFORE, the plaintiff, Jane Doe, respectfully requests that this Court deny defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc. d/b/a Sunrise of Wayland and Metropolitan/Wayland Senior Housing, LLC ("the defendants"), motion to amend answer to assert affirmative defense.

In the alternative, provide an Order allowing the initial offer of settlement by the defendants without the additional term and condition.

The Plaintiff,
By Her Attorney

_____
DAVID J. HOEY
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
978 664-3633
BBO: 628619

Dated: December 3, 2005

## CERTIFICATE OF SERVICE

I, David J. Hoey, attorney for the Plaintiff hereby certify that I have delivered by first class mail, postage pre-paid, this day, the following:

*PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE*

On defendants counsel:

Joseph M. Desmond, Esq.
Morrison, Mahoney and Miller, LLP
250 Summer Street
Boston, MA 02210-1181

Dated: December 3, 2005          _____
                                         David J. Hoey