UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, ) | |
| Plaintiff ) | |
| v. ) | |
| SUNRISE DEVELOPMENT, INC. ) | |
| A/K/A SUNRISE ASSISTED ) | |
| LIVING DEVELOPMENT; SUNRISE ) | C.A. NO.: 05-CV-10579NG |
| ASSISTED LIVING MANAGEMENT, ) | |
| INC., D/B/A SUNRISE OF WAYLAND, ) | |
| METROPOLITAN/WAYLAND SENIOR ) | |
| HOUSING, LLC ) | |
| Defendants ) | |

**JOINT STATEMENT PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 26(f) AND LOCAL RULE 16.1**

**CONCISE STATEMENT**

Pursuant to the Court's notice of scheduling conference, the plaintiff, Jane Doe, and the defendants, Sunrise Development, Inc. a/k/a Sunrise Assisted Living Development, Sunrise Assisted Living Management, Inc. d/b/a Sunrise of Wayland, and Metropolitan/Wayland Senior Housing, LLC, respectfully submit this joint statement.

I. **PARTIES CONCISE STATEMENTS**

 A. **Plaintiff's Summary of Position**

From June 6, 2003 to September 13, 2004, Jane Doe was a resident of Sunrise's Assisted Living Residence, Sunrise at Wayland, located at 205 Commonwealth Road, Newton, Middlesex County, Massachusetts. It is alleged that the Sunrise Assisted Living, Inc., hereinafter "Sunrise", was negligent toward its resident and consumer, Jane Doe which resulted in personal injuries; endangerment of her health, safety, welfare and well-being, and causing her marked physical and emotional pain and suffering and great mental anguish.  It is specifically alleged that Sunrise, by its agents, servants and employees acted in complete dereliction of their duties and responsibilities toward Mrs. Levy, thereby allowing her injury from abuse and neglect.
 The injuries sustained resulted in Jane Doe was caused to be the subject of a police investigation, humiliation, embarrassment and mental and physical anguish.
 As a direct and proximate result of the negligence of Sunrise, Jane Doe was verbally abused, spoken too in a condescending manner, sexually abused, administered Trzadone, physically assaulted, placed in adult diapers for no reason, and was exposed to illegal substances all of which caused, including but not limited to, multiple bruising, pain and suffering, loss of dignity and a decline in health and mobility.   It is alleged that had Sunrise complied with the accepted standards of care, and applicable State

regulations governing Assisted Living Facilities the nature, cause, extent and severity of Jane Doe's injuries could have been prevented, and her conscious pain and suffering and deterioration of health avoided.

The plaintiff further contend that following the institution of the present lawsuit, the parties held a meeting between plaintiff's counsel and the defendant's out of state head of litigation, Charlie Lee to discuss the possibility of resolution of the case. After no negotiations, plaintiff's counsel was given an alterative to take $10,000.00 offer to settle or the offer would be withdrawn. Due to Jane Doe's age of 99 the plaintiff agreed to the $10,000. At some time later, plaintiff's inquired as to the last month rent of approximately $3,275 to $3,500. Defendant made the settlement contingent upon the settlement of $10,000 minus the last months rent leaving the plaintiff with only $6,300 not including attorneys fees and case expenses. This was unacceptable to the plaintiff.

### B.   Defendants' Summary of Position

The defendants contend that they were not negligent, did not violate any application regulations, did not breach its contract and did not violate the Massachusetts Consumer Protection Act with respect to Jane Doe's residence at the Sunrise Assisted Living facility. Furthermore, the defendant contends that there is no evidence to suggest, much less to conclude, that Jane Doe was sexually assaulted by anyone at any time during her stay at the facility. Furthermore, there is no evidence to establish that trazadone was improperly administered, that she was physically assaulted or exposed to illegal substances. Furthermore, the defendant contends that the tape recording concerning the alleged undignified manner of speaking to Jane Doe was obtained in violation of M.G.L. c. 272, §99 ("the Massachusetts Eaves Dropping Statute").

The defendants further contend that following the institution of the present lawsuit, the parties held a settlement conference to discuss the settlement of these claims. After substantial negotiations, the case was settled in the amount of $10,000 less the outstanding amount of money owed to Sunrise on account of services rendered in the amount of approximately $3,275 to $3,500. The parties confirmed in writing by an exchange of e-mail correspondence between undersigned counsel. Accordingly, judgment is appropriate at the present time in favor of the defendants.

### II.   MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

a.   A proposed pre-trial schedule for the case that includes the plan for discovery and deadlines;

b.   The defendants' motion to amend the answer to assert affirmative defenses based upon the settlement of the case as discussed above;

c.   Anticipated dispositive motions;

d.   Alternative Dispute Resolution; and

e.   Settlement.

III. **SCHEDULE FOR DISCOVERY AND DISPOSITIVE MOTIONS**

    A. **Automatic Disclosures**

The parties propose that the initial disclosures under Fed. R. Civ. P. 26(A)(1) and Local Rule 26.2 be made on or before February 28, 2006.

    B. **Discovery and Motion Schedule**

| | |
|---|---|
| Written discovery and depositions | September 15, 2006 |
| Identification of expert witnesses and disclosure pursuant to Fed. R. Civ. P. 26(A)(2) | October 15, 2006 |
| Identification of rebuttal expert witnesses | November 15, 2006 |
| Expert depositions | January 15, 2007 |
| Summary judgment | February 28, 2007 |
| (with oppositions filed) | March 31, 2007 |

IV. **SETTLEMENT**

Pursuant to Local Rule 16.1(c), the defendant states that settlement has been discussed and reached. The plaintiff disputes the existence of a binding agreement.

V. **TRIAL BY MAGISTRATE JUDGE**

At this time, the parties have not consented to a trial by a magistrate judge.

VI. **BUDGET AND ALTERNATE DISPUTE RESOLUTION**

Counsel for the defendant has conferred with the defendants concerning establishing a budget for the litigation and the use of Alternative Dispute Resolution. At this juncture, the defendant is not interested in Alternative Dispute Resolution in light of the prior settlement of the case.

Counsel for the plaintiff has conferred with the plaintiff concerning the use of Alternative Dispute Resolution. At this juncture, the plaintiff would be willing to participate. In addition, the plaintiff is still willing to settle the case for the initial offer of $10,000 without the additional condition of last month rent.

| | |
|---|---|
| THE PLAINTIFF,<br>JANE DOE<br>By her attorney,<br><br>/s/David J. Hoey<br><br>_____<br>David J. Hoey, BBO #628619<br>LAW OFFICE OF DAVID J. HOEY, P.C.<br>350 Park Street, Suite 205<br>North Reading, MA 01864<br>(978) 664-3633<br><br>Date:____12/19/05_____ | THE DEFENDANTS,<br>SUNRISE DEVELOPMENT, INC.<br>A/K/A SUNRISE ASSISTED<br>LIVING DEVELOPMENT; SUNRISE<br>ASSISTED LIVING MANAGEMENT,<br>INC., D/B/A SUNRISE OF WAYLAND,<br>METROPOLITAN/WAYLAND SENIOR<br>HOUSING, LLC<br>By their attorney,<br><br>/s/Joseph M. Desmond<br><br>_____<br>Joseph M. Desmond, BBO #634883<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500<br><br>Date:____12/19/05_____ |

## CERTIFICATE OF SERVICE

I, Joseph M. Desmond, do hereby certify that I have this day served the foregoing **JOINT STATEMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 16.1** to all counsel of record in this action by mailing the same, postage prepaid to:

David J. Hoey, BBO #628619
LAW OFFICE OF DAVID J. HOEY, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
(978) 664-3633

Date:_____12/19/05_____     Attorney: /s/Joseph M. Desmond_____

1164280v1